Filed 10/10/23  P. v. Nicholas CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO


THE PEOPLE,

    Plaintiff and Respondent,

v.

DAVID ELLIOTT NICHOLAS,

    Defendant and Appellant.

E081594

(Super.Ct.No. SWF029543)

OPINION


APPEAL from the Superior Court of Riverside County.  John M. Monterosso, Judge.  Affirmed.

David Elliott Nicholas, in pro. per.; and William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

Defendant and appellant David Elliott Nicholas appeals from a postjudgment order denying his petition for resentencing under Penal Code[1] section 1172.75. Appointed counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has done so raising various issues. We have considered defendant's arguments and affirm the trial court's order. (*Id.* at pp. 231-232.)

II.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2013, an information was filed charging defendant with attempted carjacking (§§ 664/215, subd. (a)). The information also alleged that defendant had sustained two prior serious felony convictions (§ 667, subd. (a)) and two prior strike convictions (§§ 667, subds. (c) & (e), 1170.12, subd. (c)).

In May 2015, a jury convicted defendant as charged, and in August 2015 he was sentenced to 35 years to life. In relevant part, defendant received consecutive terms of five years on each of his two prior serious felony convictions pursuant to section 667, subdivision (a).

---

[1] All future statutory references are to the Penal Code.

On May 31, 2023, defendant filed a section 1172.75 petition to vacate his prior enhancements. Based on section 1172.75, defendant argued the enhancements were no longer valid, and he requested recall and resentencing. He also requested appointed counsel.

On June 5, 2023, the trial court issued an order stating that no action could be taken on defendant's petition on the grounds section 1172.75 did not apply to his case, and that defendant could not initiate his own petition for resentencing. Defendant timely appealed.

III.

DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Delgadillo*, *supra*, 14 Cal.5th 216, setting forth a statement of the case and a summary of the procedural background. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).) Counsel considered potential issues on appeal but found no specific arguments as grounds for relief, and requested that we exercise our discretion and independently examine the appellate record for any arguable issues. Under *Anders*, which requires "a brief referring to anything in the record that might arguably support the appeal," (*id.* at p. 744) counsel raises the issues of whether the trial court erred in denying defendant's petition when it determined section 1172.75 did not apply to his case, defendant could not initiate his own petition, and without appointing defendant counsel.

3

We offered defendant an opportunity to file a personal supplemental brief, and he has done so.  In his supplemental brief, defendant contends the trial court had discretion to grant his petition for resentencing pursuant to section 1172.75.

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.)  The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid*.)

In *Delgadillo*, *supra*, 14 Cal.5th 216, the Supreme Court held that the *Wende* independent review procedure is not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo*, at pp. 222, 224-226.)  The court further found that general due process principles regarding fundamental fairness does not compel a *Wende* independent review of the order. (*Id*. at pp. 229-232.)  However, the court explained that if a no-issues brief is filed in a section 1172.6 appeal and the defendant then "files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id*. at p. 232.)  We are not required to conduct "an independent review of the entire record to identify unraised issues" but may do so at our discretion. (*Ibid*. ["While it is wholly within the court's

4

discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal."])

While *Delgadillo* addressed the application of *Wende*'s review procedures in the context of a postconviction relief order under section 1172.6 (*Delgadillo*, *supra*, 14 Cal.5th at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations"]), which is not the type of postconviction order at issue here, the same principles may nonetheless apply given that this does not appear to be a first appeal as of right.  Following *Delgadillo*'s guidance, we shall consider the arguments defendant raises in his supplemental brief.

Defendant contends that the trial court had discretion to grant him resentencing relief under section 1172.75.  Defendant's reliance on section 1172.75 is misplaced.

Section 1172.75, subdivision (a), states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."  The statute provides various deadlines for the California Department of Corrections and Rehabilitation to identify, and for courts to recall and resentence, those inmates who have a qualifying enhancement that is no longer valid.  (§ 1172.75, subds. (b), (c).)

The problem with defendant's argument is that defendant's sentence in this case does not include a section 667.5, subdivision (b) enhancement.  An information was filed charging defendant with attempted carjacking (§§ 664/215, subd. (a)), as well as

5

defendant having had sustained two prior serious felony convictions (§ 667, subd. (a)) and two prior strike convictions (§§ 667, subds. (c) & (e), 1170.12, subd. (c)).  Defendant was convicted as charged and sentenced to 35 years to life.  Defendant was not charged with a prior prison term enhancement pursuant to section 667.5, subdivision (b).  Thus, the procedures set forth in section 1172.75 regarding invalid prior prison term enhancements simply do not apply to defendant, and the trial court did not err in denying defendant's petition on that basis.  Nothing in the record shows defendant's sentence is otherwise unauthorized.

## IV.

## DISPOSITION

The trial court's order denying defendant's section 1172.75 petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


MILLER
        Acting P. J.


MENETREZ
        J.

6